IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | | |
|---|---|---|
| **PATRICIA BLUME, as Personal Representative of the Estate of Harry Blume,** | ) | Civil Action Number: 5:25-cv-13874-SAL |
| | ) | |
| **Plaintiff/Appellant.** | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | **FOR JUDICIAL REVIEW** |
| | ) | **(MEDICARE APPEALS COUNCIL** |
| **Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services,** | ) | **DOCKET NO. M-21-1042;** |
| | ) | **OMHA APPEAL NO. 3-9434300802)** |
| **Defendant/Respondent.** | ) | |
| | ) | |

Plaintiff/Appellant Patricia Blume, as Personal Representative of the Estate of Harry Blume, would show the following in her Complaint for Judicial Review:

1. Plaintiff Patricia Blume, a citizen and resident of Bamberg County, South Carolina, is the duly appointed Personal Representative of the Estate of Harry Blume, having been appointed by the Bamberg County Probate Court on December 18, 2018. The decedent, Harry Blume, was the Plaintiff's husband who was a citizen and resident of Bamberg County, South Carolina, at the time of his death.

2. Defendant Robert F. Kennedy, Jr, in his official capacity as Secretary of Health and Human Services, is the proper defendant pursuant to the guidance of 42 C.F.R. 405.1136(d).

3. This is an action for judicial review of an ALJ's unfavorable decision in a Medicare appeal. The action is brought pursuant to 42 C.F.R. 405.1136 as a result of an Order of the Medicare Appeals Council granting Plaintiff's request for escalation to this court because the Council did not complete its review of the ALJ's decision within the applicable

adjudication period.  *See*, Order of the Medicare Appeals Council, attached here as **Exhibit A.**

4. The amount in controversy exceeds the minimum requirement set forth in section 42 C.F.R. 405.1006(c).

5. Venue is appropriate in this district which is the district in which Plaintiff resides.

6. Prior to his death, the decedent Harry Blume was a Medicare beneficiary.

7. Harry Blume was involved in a tragic wreck on September 11, 2018, when he was operating a tractor and was struck from behind by a vehicle (hereinafter "the wreck"). As a result of the wreck, Harry Blume suffered catastrophic injuries and died as a result of those injuries.

8. Harry Blume is survived by his wife (Patricia Blume, the Plaintiff/Appellant herein) and four daughters (H. Dee Hudgens, Dena B. Hartzog, F. Devon B. Furr, and Donna B. Brown).  Mr. Blume had a Last Will and Testament in which he devised all property of his Estate to his wife and appointed her to serve as personal representative of his Estate.

9. As a result of the wreck, Patricia Blume, as Personal Representative of her husband's Estate, pursued both a wrongful death claim for Mr. Blume's statutory beneficiaries (his wife and four children) and a survival claim for the Estate under South Carolina law.

10. Because the at-fault driver was uninsured, Plaintiff presented the claims as uninsured motorist claims under Mr. Blume's Nationwide insurance policy that provided bodily injury coverage in the amount of $100,000.  Nationwide tendered its coverage to Plaintiffs, and the South Carolina State Probate Court approved the settlement as set for below.

11. Because Medicare paid medical expenses on behalf of Mr. Blume for treatment he received as a result of his wreck-related injuries, Plaintiff, through counsel, notified Medicare of the

settlement. She advised Medicare that $50,000 was paid for the wrongful death claims of the statutory beneficiaries, that the other $50,000 was paid for the survival claim of the Estate, and that Medicare's lien applied only to the proceeds being paid for the Estate's survival claim.

12. However, Medicare initially demanded that Plaintiff remit the entire amount of $100,000 to satisfy the Medicare lien. To stop the accrual of interest, Plaintiff sent the entire $100,000 to Medicare under protest.

13. Medicare then reduced its lien to $66,516.67 and refunded the balance of $33,483.33 to Plaintiff.

14. Plaintiff then appealed again on the ground that Medicare has no right to any portion of the wrongful death proceeds under South Carolina law.

15. In the meantime, Plaintiff, on June 29, 2020, served Medicare with the Petition for Approval of Settlement and Notice of Hearing for the settlement hearing scheduled for July 29, 2020, before the Bamberg County Probate Court. See, **Exhibit B (Bates Stamped Nos. 00063-00074).**

16. On July 16, 2020, Plaintiff received an additional refund from Medicare in the amount of $26,516.67 along with correspondence from Medicare advising that the lien had been reduced to $40,000.

17. Plaintiff then appealed that decision to the ALJ and reiterated that the Medicare lien only applies to the survival claim and that Medicare must consider the attorney's fees, attorney's costs, funeral expenses, and administration expenses that have priority for payment out of the survival claim. *See*, Letter and Request for ALJ Hearing or Review of Dismissal with attached exhibits, attached hereto as **Exhibit C.**

18. The settlement hearing mandated by South Carolina law was held before the Bamberg County Probate Court on July 29, 2020. Even though served with notice of the settlement hearing, Medicare did not participate, object or even attend the hearing.

19. Based on the testimony and evidence presented, the Bamberg County Probate Court issued its order approving the settlement, allocating $50,000 to the wrongful death claim and $50,000 to the survival claim, and finding that the Medicare lien applies only to the proceeds of the Estate's survival claim. Moreover, the Probate Court approved the payment of attorney's fees ($16,666.66), attorney's costs ($162.93), funeral expenses ($11,849.57), and administration expenses ($2,542.50) from the survival proceeds, leaving a balance of $18,778.34 out of which the Medicare lien must be calculated. The Probate Court Order correctly sets forth that the wrongful death proceeds must be paid to the statutory beneficiaries[1] while the proceeds of the survival claim must be paid pursuant to the terms of the Last Will and Testament which controls the disposition of the Estate's property. *See,* Probate Court Order, attached hereto as **Exhibit D**.

20. Plaintiff served Medicare with the Bamberg County Probate Court Order **(*see*, Exhibit B, Bates Stamped Nos. 00006-00013).** but Medicare neither responded nor appealed. Therefore, the administrative appeals process continued.

---

[1] The Probate Court Order incorrectly states that Patricia Blume is the sole statutory beneficiary of the wrongful death claim under S.C. Code Ann. § 15-51-20. This is a scrivener's error. As Mark B. Tinsley testified before the ALJ, Mr. Blume was survived by his wife and four daughters, each of whom is a statutory beneficiary under the Wrongful Death Statute and suffered the loss of comfort and society of Mr. Blume. Under the Wrongful Death Statute, the wife and daughters, as the statutory beneficiaries of the wrongful death claim, share in the wrongful death proceeds with the wife entitled to ½ of the wrongful death proceeds and the daughters entitled to an equal share in the other ½ of the wrongful death proceeds. The Order was not corrected since there was no dispute between the wife and daughters about how the funds were to be paid.

21. On October 21, 2020, the ALJ hearing was held before the Honorable John Clady. The undersigned, Laine Gooding, appeared as counsel for the Plaintiff/Appellant while Mark B. Tinsley, the undersigned who handled the underlying wrongful death and survival claims, participated as a witness and testified in detail about the personal loss and damages each beneficiary suffered as a result of Mr. Blume's death. Pursuant to Judge Clady's instructions during the hearing, Plaintiff submitted additional evidence to be included in the record. See, letter dated October 22, 2020 with exhibits, attached hereto as **Exhibit B.**

22. On November 6, 2020, the ALJ issued an unfavorable decision finding that no additional refund is owed by Medicare to the Appellant. *See,* ALJ Decision, attached hereto as **Exhibit E.**

23. Appellant appealed the ALJ's Decision to the Medicare Appeals Council, citing the following errors by the ALJ:

    a. The ALJ erred in holding that Appellant failed to prove by a preponderance of the evidence that Medicare is precluded from seeking recovery from the wrongful death proceeds where South Carolina law is clear that medical expenses are not an element of damages in a wrongful death action.

    b. The ALJ erred in finding that the beneficiary's Estate received proceeds from a settlement reached with Nationwide Insurance Company in the amount of $100,000, where only $50,000 of the lump sum settlement represented proceeds of the survival action and property of the Estate.

    c. The ALJ erred in finding that the Estate paid Medicare the full amount of $100,000 to avoid the accrual of interest, where $50,000 of the $100,000 paid to Medicare represented proceeds of the wrongful death claims and not property of the Estate; rather $50,000 of the proceeds paid to Medicare represented proceeds of the wrongful death claims.

    d. The ALJ erred in ignoring South Carolina case law interpreting the S.C. Wrongful Death Statute and finding that the S.C. Wrongful Death Statute is silent as to the types of recovery allowed.

    e. The ALJ erred in finding that the case law presented by Appellant provides a list of the types of recovery in a wrongful death claim that is not all-inclusive.

f.  The ALJ erred in finding that Appellant did not demonstrate by a preponderance of the evidence that the S.C. Wrongful Death Statute explicitly prohibits the recovery of medical expenses, where S.C. law is clear that medical expenses are not an element of damages in a wrongful death claim and the issue is a question of law.

g.  The ALJ erred in applying a preponderance of evidence standard to a question of law.

h.  The ALJ erred as a matter of law in finding that medical expenses incurred by a decedent are recoverable as damages in a wrongful death claim under S.C. law.

i.  The ALJ erred in failing to consider the entire body of S.C. statutory law and the case law interpreting the S.C. Wrongful Death Statute and Survival Statute.

j.  The ALJ erred in holding that the allocation of settlement proceeds by the Bamberg County Probate Court does not preclude Medicare from recovering from the wrongful death portion of the allocation where Medicare was provided proper notice of the hearing but failed to appear or otherwise participate in the hearing.

k.  The ALJ erred in finding that "the Bamberg County Probate Court did not adjudicate the substantive issue of how funds should be apportioned among different parties before the court, but instead apportioned the settlement funds that were paid out to a single claimant, i.e. the beneficiaries of the estate."

l.  The ALJ erred in finding that the lump sum settlement was not paid for two separate claims.

m.  The ALJ erred in finding that the Medicare beneficiary (Mr. Blume, the decedent) was the sole claimant before the probate court; rather, the personal representative was the claimant before the probate court representing **both** the interest of the Medicare beneficiary's Estate **as well as** the separate and distinct interests of the statutory beneficiaries of the wrongful death claim, as required by South Carolina law.

n.  The ALJ erred in finding that the claims of the statutory beneficiaries under the Wrongful Death Statute are not separate and distinct from the claim of the decedent's Estate.

o.  The ALJ erred in finding that the Bamberg County Probate Order is not binding on Medicare.

p.  The ALJ erred in failing to recognize that a claim under the S.C. Wrongful Death Statute does not meet the definition of wrongful death claim under the MSP Manual and is therefore not subject to Medicare's lien even under the guidance provided in Medicare's own manual.

*See*, Request for Review of ALJ Medicare Decision/Dismissal and Memorandum in Support of Appeal to the Medicare Appeals Council, the terms of which are incorporated herein and attached hereto as **Exhibit F.**

24. Because the Medicare Appeals Council did not complete its review within the applicable adjudication period, Plaintiff requested that the Medicare Appeals Council grant an escalation of the appeal to this court.

25. The Medicare Appeals Council issued its Order granting escalation on November 21, 2025. *See*, Order of Medicare Appeal Council Granting Request for Escalation, attached hereto as **Exhibit A.**

26. The Plaintiff now seeks judicial review and a decision by this court reversing the order of the ALJ for each of the reasons set forth in her Memorandum in Support of Appeal to Medicare Appeals Council, attached hereto as **Exhibit F** and incorporated herein by reference.

WHEREFORE, for each of the reasons set forth herein and in **Exhibit F** attached hereto, Patricia Blume, as Personal Representative of the Estate of Harry Blume, respectfully requests that this Court reverse the decision of the Honorable John Clady, Administrative Law Judge, and find as follows: (1) that Medicare's lien applies only to the portion of the lump sum settlement allocated by the Probate Court Order to the survival claim; (2) that the Medicare lien must be calculated based on the sum of $18,778.34, which represents the net amount of the survival settlement less attorney's fees, attorney's costs, administrative fees, and funeral expenses, all as set forth in the Bamberg County Probate Order which is part of the record; and (3) that Medicare/CMS must refund to Plaintiff the difference between the $40,000.00 previously paid to Medicare/CMS under protest and the newly calculated lien.

Respectfully submitted,

GOODING AND GOODING, P. A.

BY:   /s/Laine B. Gooding
      Laine B. Gooding – Federal Id#: 13207
      Mark B. Tinsley - Federal Id#: 7160
      P. O. Box 1000
      Allendale, SC  29810
      (803) 584-7676
      laine@goodingandgooding.com
      mark@goodingandgoodign.com

Dated:  December ____, 2025